# UNITED STATES DISCRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| COVER ALL WIRING, LLC, A South Carolina limited liability company,<br><br>    Plaintiff,<br>vs.<br><br>GRANITE COMMUNICATIONS AND SECURITY, LLC, a Florida limited liability company,<br><br>    Defendant. | CASE NO.: |

## COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED, OPEN ACCOUNT AND QUANTUM MERUIT/UNJUST ENRICHMENT

Plaintiff, COVER ALL WIRING, LLC ("Plaintiff" or "Cover All"), sues Defendant, GRANITE COMMUNICATIONS AND SECURITY, LLC ("Defendant" or "Granite"), and alleges:

### PARTIES

1.    Plaintiff is a South Carolina limited liability company in good standing with its principal business address at 209 Reidville Road, Williamston, South Carolina 29697.

2.    Defendant is a Florida limited liability company with its principal business address at 18922 N. Dale Mabry Highway, Lutz, Florida 33548.

## JURISDICTION AND VENUE

3.     Personal jurisdiction over Defendant is proper because Defendant is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

4.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of South Carolina and Defendant is a citizen of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## GENERAL ALLEGATIONS

**Atlantic Shores Project (Virginia Beach, Virginia).**

6.     Plaintiff and Defendant entered into a written subcontract agreement for the Atlantic Shores Sentrics project in Virginia Beach, Virginia (the "Atlantic Shores Project"), under which Cover All was to perform underground fiber installation and related scopes, and Granite was to compensate Cover All pursuant to agreed milestones and retainage terms. The Agreement is attached hereto as *Exhibit A*.

7.     Under the Atlantic Shores Project, Granite agreed that "Cover All Wiring will Invoice Granite for any compensation and payment to Cover All will be as established terms set forth by Granite."

8.     Cover All performed labor and submitted invoices to Granite for the Atlantic Shores project, including a final invoice in the amount of $246,940.53 and a separate invoice for the "Final Retainer" in the amount of $93,390.20. The final invoice and Final Retainer are attached as *Exhibit B*.

9.     Despite demand, Granite has failed to pay the outstanding Atlantic Shores Project amounts of $246,940.53 and $93,390.20.

**Tulsa/Montereau Project (Tulsa, Oklahoma).**

10.     Separately, Plaintiff furnished labor and installation services to Granite on the Montereau project in Tulsa, Oklahoma, and issued progress invoices to Granite reflecting the agreed per-foot rates, including for rock adder areas (the "Montereau Project").

11.     In or about September–October 2024, at Granite's request, Plaintiff performed underground conduit installation work at or near Montereau (6800 S. Granite Ave., Tulsa, Oklahoma), including work involving rock conditions at agreed rates. Plaintiff issued Invoice 1112 (dated 09/25/2024) for Tulsa/Montereau "Part 1" for underground conduit and rock adder quantities and Invoice 1118 (dated 10/07/2024) for Tulsa/Montereau "Invoice 2," reflecting installation of UG conduit and rock adder. Plaintiff issued Invoice 1120 (dated 10/27/2024) for "Tulsa Oklahoma Final Invoice," listing Installation of UG Conduit and Rock Adder amounts. See *Composite Exhibit C*.

12. Granite's project manager, David Hand, confirmed the applicable Tulsa rates of $13 per foot without rock and $29 per foot total in rock adder areas, and approved proceeding with the rock adder. See text messages attached hereto as *Exhibit D* reflecting "$13 per foot no rock $29 per foot total in rock adder areas" and "Are we good on rock adder in tulsa? … Yes sir."

13. Plaintiff invoiced Granite for the Tulsa/Montereau project as follows: (a) Invoice 1112 in the amount of $63,104.00; (b) Invoice 1118 in the amount of $82,621.00; and (c) Invoice 1120 in the amount of $108,373.00.

14. Despite demand, Granite failed to pay all amounts due to the Montereau Project. The outstanding amount is $140,192.

15. All conditions precedent to Plaintiff's claims have occurred, been satisfied, or have been waived.

### Count I – Breach of Contract (Atlantic Shores)

16. Plaintiff realleges paragraphs 1 through 9 and 15.

17. Plaintiff and Defendant entered into a valid and enforceable written contract for the Atlantic Shores project with defined scope, pricing, milestone payments, and retainage terms.

18. Plaintiff performed its contractual obligations and invoiced Granite for amounts due, including the final and retainage invoices.

19. Granite materially breached the contract by failing to pay the invoiced amounts when due.

20. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages, including at least $340,330.73, plus any contractual and legal interest.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount to be proven at trial, not less than $340,3f30.73, plus prejudgment interest, costs, and such other and further relief as the Court deems just and proper.

## Count II – Account Stated (Atlantic Shores)

21. Plaintiff realleges paragraphs 1 through 9 and 15.

22. Plaintiff rendered statements of account to Granite for the Atlantic Shores project.

23. Granite assented to the correctness of the account or failed to object within a reasonable time, and the amounts remain due and owing.

24. Plaintiff is entitled to recover the stated account balances for Atlantic Shores of principal sums of $246,940.53 and $93,390.20, plus interest.

WHEREFORE, Plaintiff demands judgment against Defendant for $340,330.73, plus prejudgment interest, costs, and such other and further relief as the Court deems just and proper.

### Count III – Open Account (Atlantic Shores)

25.    Plaintiff realleges paragraphs 1 through 9 and 15.

26.    Plaintiff maintained an open account with Granite for labor and services furnished for Atlantic Shores and invoiced Granite in the ordinary course of business.

27.    There remains due and owing on the open account the principal sums of $246,940.53 and $93,390.20, plus interest.

WHEREFORE, Plaintiff demands judgment against Defendant for $340,330.73, plus prejudgment interest, costs, and such other and further relief as the Court deems just and proper.

### Count IV – Breach of Contract (Montereau)

28.    Plaintiff realleges paragraphs 1 through 5 and 10 through 15.

29.    Plaintiff and Defendant entered into an agreement for the Montereau Project under which Plaintiff would provide installation services at agreed per-foot rates, including standard and rock adder rates.

30.    Plaintiff performed and invoiced Granite in accordance with the agreed rates.

31.    Granite materially breached by failing to fully pay the invoiced amounts when due.

32.    As a result, Plaintiff has been damaged in the amount of $140,192, plus interest.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount to be proven at trial, not less than $140,192, plus prejudgment interest, costs, and such other and further relief as the Court deems just and proper.

### Count V – Account Stated (Montereau)

33.    Plaintiff realleges paragraphs 1 through 5 and 10 through 15.

34.    Plaintiff rendered statements of account to Granite for the Montereau Project.

35.    Granite assented to the correctness of the account or failed to object within a reasonable time, and the amounts remain due and owing.

36.    Granite makes an express or implicit promise to pay the balance.

37.    Plaintiff is entitled to recover the stated account balances for Montereau Project of $63,104.00, $82,621.00, and $108,373.00, plus interest.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount to be proven at trial, not less than $140,192, plus prejudgment interest, costs, and such other and further relief as the Court deems just and proper.

### Count VI – Open Account (Montereau)

38.    Plaintiff realleges paragraphs 1 through 5 and 10 through 15.

39.     Plaintiff maintained an open account with Granite for labor and services furnished for Montereau Project and invoiced Granite in the ordinary course of business.

40.     There remains due and owing on the open account the principal sums of $63,104.00, $82,621.00, and $108,373.00, plus interest.

41.     The labor as invoiced was actually provided.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount to be proven at trial, not less than $140,192, plus prejudgment interest, costs, and such other and further relief as the Court deems just and proper.

## Count VII – Quantum Meruit/Unjust Enrichment (Atlantic Shore and Montereau) (In the Alternative)

42.     Plaintiff realleges paragraphs 1 through 15.

43.     This count is plead in the alternative should the Court hold that no enforceable contracts exist for the Atlantic Shore and or Montereau Project.

44.     Plaintiff is entitled to recover in quantum meruit/unjust enrichment for the reasonable value of the labor and services conferred upon Defendant, which accepted and benefitted from those services, yet failed to pay the full value of the benefit conferred.

45.     Plaintiff conferred a benefit on Defendant relating to the labor provided, who has knowledge thereof.

46.    The circumstances render the Defendant's retention of the benefit inequitable unless Defendant pays Plaintiff for the value of the benefit.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount to be proven at trial, not less than $340,330.73 for the Atlantic Shore Project and or $140,192 for the Montereau Project, plus prejudgment interest, costs, and such other and further relief as the Court deems just and proper.

### Prayer for Relief

WHEREFORE, Plaintiff, Cover All Wiring, requests that the Court enter judgment in its favor and against Defendant, Granite Communications & Security, LLC, and award:

a)    For Count I (Breach of Contract – Atlantic Shores): damages in the principal amounts of $246,940.53 and $93,390.20, plus prejudgment interest from the respective invoice due dates and post-judgment interest;

b)    For Count II (Account Stated – Atlantic Shores): the stated balances of $246,940.53 and $93,390.20, plus prejudgment interest and post-judgment interest;

c)    For Count III (Open Account – Atlantic Shores): the unpaid open account sums of $246,940.53 and $93,390.20, plus prejudgment interest and post-judgment interest;

d)      For Count IV (Breach of Contract – Montereau): damages in the principal amounts of $63,104.00, $82,621.00, and $108,373.00, plus prejudgment interest from the respective invoice due dates and post-judgment interest;

e)      For Count V (Account Stated – Montereau): the stated balances of $63,104.00, $82,621.00, and $108,373.00, plus prejudgment interest and post-judgment interest;

f)      For Count VI (Open Account – Montereau): the unpaid open account sums of $63,104.00, $82,621.00, and $108,373.00, plus prejudgment interest and post-judgment interest;

g)      For Count VII, in the alternative (Quantum Meruit/Unjust enrichment – Atlantic Shore and or Montereau): The value of the benefit conferred on Defendant for not less than $340,330.73 for the Atlantic Shore Project and or $140,192 for the Montereau Project

h)      Taxable costs of this action; and

i)      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Richard Perez*
Richard Perez, Esq.
Fla. Bar No. 1055240
richard.perez@brickbusinesslaw.com
Kevin D. Zwetsch, Esquire
Florida Bar No. 0962260

Kevin.Zwetsch@brickbusinesslaw.com
Brick Business Law, P.A.
3413 W. Fletcher Ave.
Tampa, FL 33618
Phone: 813-816-1816
*Attorneys for Plaintiff*